## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

## STATE OF LOUISIANA

| | |
|---|---|
| **JOE SAULS AND LUIS NIEVES-RIVERA** | **CIVIL ACTION** |
| **VERSUS** | **JUDGE** |
| **COASTAL BRIDGE COMPANY, L.L.C., COASTAL INVESTMENT HOLDINGS L.L.C., KELLY SILLS, AND MIKE GIAMBRONE** | **STATE OF LOUISIANA** |

---

### COMPLAINT FOR DAMAGES

---

**NOW INTO COURT**, through undersigned counsel, comes and appears **JOE SAULS AND LUIS NIEVES-RIVERA**. Joe Sauls is a resident of the Parish of Livingston, State of Louisiana. Luis Rivera is a resident of the Parish of Tangipahoa, State of Louisiana, both of the full age of majority, to respectfully represent that:

### I.

Made defendants herein are:

**COASTAL BRIDGE COMPANY, L.L.C.,** a limited liability company licensed to do, and doing business in the State of Louisiana, and domiciled in East Baton Rouge Parish;

**COASTAL INVESTMENT HOLDINGS L.L.C.** a limited liability company licensed to do, and doing business in the State of Louisiana, and domiciled in East Baton Rouge Parish;

1

**KELLY SILLS**, a resident of East Baton Rouge Parish, State of Louisiana; and

**MIKE GIAMBRONE**, a resident of East Baton Rouge Parish, State of Louisiana.

## II.

This action is brought for breach of contract; to secure benefits due Plaintiffs under the Plan; to clarify Plaintiffs' rights under the Plan on account of breaches of fiduciary duties owed to Plaintiffs and the Plan by Defendants Coastal Bridge Company, L.L.C., Coastal Investment Holdings L.L.C., Kelly Sills and Mike Giambrone ("Fiduciary Defendants"); and for other appropriate equitable relief. Specifically, Plaintiffs bring this action to secure benefits due under ERISA 502, 29 U.S.C. 1132 on account of breaches of fiduciary duty under ERISA 409, 29 U.S.C. 1109, through ERISA 502, 29 U.S.C. 1132; and for other appropriate equitable relief under ERISA 502, 29 U.S.C. 1132.

## III.

Plaintiff, Joe Sauls, was employed by Defendant, Coastal Bridge Company, L.L.C., on or around September 7, 2017, to work in their Account Payables division.

Plaintiff, Luis Nieves-Rivera, was employed by Defendant, Coastal Bridge Company, L.L.C., on or around April 2019, as an operator.

Defendant, Coastal Investment Holdings L.L.C. is a member of Coastal Bridge Company.

Defendant, Kelly Sills, is a member of Coastal Investment Holdings L.L.C.

Defendant, Kelly Sills, is also the owner and/or De Facto owner of Coastal Bridge Company.

2

Defendant, Mike Giambrone, was the Chief Financial Officer (CFO) of Coastal Bridge Company, L.L.C.

## IV.

The Plan is a group health insurance plan providing health insurance to employees of Coastal Bridge Company, L.L.C., and, on information and belief, Coastal Bridge Company, L.L.C. and/or Coastal Investment Holdings L.L.C. were listed as the Plan Sponsors and Plan Administrators for the Plan.

## V.

Blue Cross Blue Shield was the Claims Processor for the Plan.

## VI.

Plaintiffs, Joe Sauls and Luis Nieves-Rivera were participants in the Plan because of their employment with Coastal Bridge Company, L.L.C. Coastal Bridge Company, withheld monies from each of plaintiffs' paychecks for a portion of premiums owed to the Plan, the date Plaintiffs resigned from the company.

## VII.

On information and belief, Defendants, Coastal Bridge Company, L.L.C., Coastal Investment Holdings L.L.C. Kelly Sills, and Mike Giambrone, maintained the Plan, which covered the employees of all of these entities, making them Fiduciaries of the Plan.

## VIII.

The Fiduciary Defendants have discretionary authority and responsibility to administer the Plan and have authority to determine eligibility for benefits. Defendants are "fiduciaries" of the Plan, as that term is defined in ERISA 3, 29 U.S.C. 1002.

The Fiduciary Defendants were fiduciaries of the Plan because:

A) They had discretionary authority and responsibility to administer the Plan, including the authority and responsibility to make eligibility determinations with respect to which employees were allowed to participate in the Plan;

B) They handled assets of the Plan in the form of deductions from employee paychecks;

C) They made benefits determinations with respect to Plaintiff under the Plan; and

D) They otherwise performed fiduciary duties with respect to the Plan.

Fiduciary Defendants had a fiduciary obligation to Plaintiffs to administer the Plan fairly, and to determine eligibility and benefits according to the terms of the Plan.

## IX.

Fiduciary Defendants had a fiduciary obligation to handle Plan assets, including premiums withheld from Plaintiffs and other participants' paychecks, in a prudent manner and to use such assets solely for the administration of the Plan, and to pay benefits under the Plan.

## X.

During the time Joe Sauls and Luis Nieves-Rivera were employed by Defendant, Coastal Bridge Company, L.L.C., they were covered by the Plan. Joe Sauls and Luis Nieves-Rivera incurred medical expenses that would have been paid for in whole or in part by the Plan.

On or about December 5, 2019, Joe Sauls underwent a heart procedure for which he incurred medical expenses in excess of $125,000.00. Several months later Joe Sauls received a letter from Blue Cross Blue Shield purporting to retroactively cancel the Blue Cross Blue Shield Insurance Plan; thereby denying payment of his incurred medical expenses.

On or about November 2, 2019, Luis Nieves-Rivera sustained a broken hand, broken ankle, ligament damage, and lost his leg due to a motorcycle accident for which he incurred medical expenses in excess of $480,000.00. Several months later Luis Nieves-Rivera received a letter from Blue Cross Blue Shield purporting to retroactively cancel the Blue Cross Blue Shield Insurance Plan; thereby denying payment of his incurred medical expenses.

**XI.**

On September 9, 2020 Plaintiff, Joe Sauls  made written demand to the defendant, Coastal Bridge for the following information:

a) The plan document (including any insurance policy or contract).

b) The latest updated summary plan description (SPD).

c) The latest annual report (Form 5500).

d) The trust agreement.

e) Any contracts with health providers or vocational analysts providing services to the plan.

f) Any other instruments under which the plan was established or operated.

**XII**.

To date, Plaintiffs have not received a response to that request from any representative of Coastal Bridge Company, L.L.C., Coastal Investment Holdings L.L.C. Kelly Sills, or Mike Giambrone, thus entitling Plaintiffs to statutory damages.

**XIII.**

Requiring Plaintiffs to exhaust administrative remedies under the Plan would be futile, as the plan is no longer funded and has been cancelled.

**XIV.**

Defendants have wrongfully denied benefits to Plaintiffs in violation of the Plan provisions and ERISA in that Plaintiffs have been wrongfully denied health insurance benefits; Defendants have violated their contractual obligation to furnish health insurance benefits to Plaintiffs.

**XV.**

Fiduciary Defendants owed Plaintiffs a fiduciary duty, as a participant in the Plan, to make eligibility determinations in a fair and consistent manner and solely in the interests of Plaintiffs as a Plan participant. Defendants have wrongfully denied benefits to Plaintiffs in violation of the Plan provisions and ERISA in that Plaintiffs have been wrongfully denied health insurance benefits, and Defendants have violated their contractual obligation through the Plan to furnish health insurance benefits to Plaintiffs.

## BREACH OF FIDUCIARY DUTY

## UNDER ERISA, 29 U.S.C. § 1104, 1109 AND 1132

### XVI.

The Defendants are fiduciaries as defined in ERISA 3(21), 29 U.S.C. § 1002(21), because the Defendants have discretionary authority and/or discretionary responsibility in the administration of the Plan.

### XVII.

The Fiduciary Defendants each acted as fiduciaries in that they exercised discretionary authority and control as to the management and disposition of Plan assets, because they directed the withholding of monies from participants' paychecks.

### XVIII.

The Fiduciary Defendants breached their fiduciary duties to Plaintiffs and the Plan by failing to properly fund the Plan; by failing to use Plan assets for proper purposes under ERISA, including Plan administration and payment of benefits, but instead, on information and belief, directed such amounts to other purposes.

### XIX.

The Plan has been harmed because of the Fiduciary Defendants' breach of fiduciary duty in that the Plan has not been administered in compliance with ERISA and other applicable law; its assets were misused. The Plan is entitled to relief requiring that Fiduciary Defendants to:

        A) administer the Plan in compliance with ERISA and other applicable laws and regulations;

B) cease dealing with Plan assets for their own benefit;

C) be removed as fiduciaries and with respect to any other fiduciary responsibilities pursuant to the Plan, and to have a third-party fiduciary appointed to carry all such fiduciary functions;

D) imposing an equitable lien on the Plan assets withheld from participants by Fiduciary Defendants that were not applied to proper Plan purposes;

E) imposing a constructive trust on the Plan assets withheld from participants by Fiduciary Defendants that were not applied to proper Plan purposes;

F) granting the Plan restitution for the amount of plan assets that Fiduciary; and

G) Defendants wrongfully withheld and improperly used Plan funds imposing personal liability on Fiduciary Defendants for all amounts owed to the Plan to fund all outstanding benefits, including but not limited to any benefits owed to any parties on behalf of Plaintiff; and other appropriate relief, including declaratory, injunctive and equitable relief.

## XX.

The Fiduciary Defendants breached their fiduciary duties to Plaintiffs and the Plan by failing to properly fund the Plan to enable it to pay claims for benefits.

The Fiduciary Defendants breached their fiduciary duties to Plaintiffs and the Plan by misappropriating Plan assets and not using them for proper Plan purposes.

## XXI.

Plaintiffs reasonably relied on the information (or lack of information) provided by Fiduciary Defendants and their employees and contractors regarding the extent of applicable benefits, including the amount of insurance coverage available for Plan benefits, and such reliance was to their detriment, in that Plaintiffs incurred substantial medical bills because of such misrepresentations.

## XXII.

Plaintiffs were prejudiced by the information (or lack of information) provided by Fiduciary Defendants and their employees and contractors regarding the extent of applicable benefits, including the amount of insurance coverage available for Plan benefits, in that Plaintiffs incurred medical bills because of such misrepresentations.

## XXIII.

Plaintiffs have suffered harm by the conduct of the Fiduciary Defendants as alleged herein in that they are not receiving the value of the health insurance benefits to which they are entitled under the Plan due to the fiduciary breaches detailed herein, and Plaintiffs have suffered harm because of the misrepresentations made to them regarding the extent of applicable benefits, including the amount of insurance coverage available for Plan benefits. Accordingly, plaintiffs are entitled to the following equitable relief:

A) Imposing an equitable lien on the Plan assets that have been withheld from Plaintiff and other participants that were not used for proper Plan purposes, including but not limited to the purchase of insurance to fund benefits;

B) Imposing a constructive trust on the Plan assets that have been withheld from Plaintiff and other participants that were not used for proper Plan purposes, including but not limited to the purchase of insurance to fund benefits;

C) Enjoining Fiduciary Defendants from reducing or cancelling Plaintiff's benefits under the Plan;

D) Imposing a surcharge upon the Fiduciary Defendants requiring that they pay to Plaintiff and the Plan all money they withheld that was not used for proper Plan purposes; and

E) Equitably estopping Fiduciary Defendants from denying Plaintiff his full benefits under the Plan, including coverage for all incurred medical expenses.

**XXIV.**

Plaintiffs are entitled to their attorney's fees and costs pursuant to ERISA Sec 502(g), 29 U.S.C. 1132(g). Defendants are jointly and severally liable for Plaintiffs' damages.

**WHEREFORE**, Plaintiffs pray that the Court grant then the following relief:

1. Damages for breach of contract and Fiduciary duties;

2. Statutory damages for failure to timely supply requested information, in an amount to be proven at trial;

3. Attorney Fees;

4. Plaintiffs further pray for judgment and to grant Plaintiffs declaratory and injunctive relief, finding that they are entitled to benefits under the terms of the Plan for all medical expenses incurred, and that Defendants be ordered to pay medical benefits under the Plan;

5. Declaratory and injunctive relief to the Plan against the Fiduciary Defendants under ERISA § 502(a)(2):

   A) Requiring them to administer the Plan in compliance with ERISA and other applicable laws and regulations;

   B) Requiring them to cease dealing with Plan assets for their own benefit;

   C) Removing them as fiduciaries and with respect to any other fiduciary responsibilities pursuant to the Plan, and to have a third-party fiduciary appointed to carry all such fiduciary functions;

   D) Imposing an equitable lien on the Plan assets withheld from participants by Fiduciary Defendants that were not applied to proper Plan purposes;

   E) Imposing a constructive trust on the Plan assets withheld from participants by Fiduciary Defendants that were not applied to proper Plan purposes;

F) Granting the Plan restitution for the amount of plan assets that Fiduciary Defendants wrongfully withheld by improper use of Plan funds;

G) Imposing personal liability on Fiduciary Defendants for all amounts owed to the Plan to fund all outstanding benefits, including but not limited to any benefits owed to any parties on behalf of Plaintiffs;

6. Other appropriate declaratory, injunctive and equitable relief;

7. Declaratory, injunctive, and equitable relief against the Fiduciary Defendants pursuant to ERISA 502(a)(3):

A) Imposing an equitable lien on the Plan assets that have been withheld from Plaintiffs and other participants that were not used for proper Plan purposes, including but not limited to the purchase of insurance to fund benefits;

B) Imposing a constructive trust on the Plan assets that have been withheld from Plaintiffs and other participants that were not used for proper Plan purposes, including but not limited to the purchase of insurance to fund benefits;

C) Enjoining Fiduciary Defendants from reducing Plaintiffs' benefits under the Plan;

D) Imposing a surcharge upon the Fiduciary Defendants requiring that they pay to Plaintiffs and the Plan all money they withheld that was not used for proper Plan purposes;

E)  Equitably estopping Fiduciary Defendants from denying Plaintiffs
    their full benefits under the Plan, including coverage for all
    incurred medical expenses;

F)  Granting Plaintiffs and the Plan restitution for the amount of Plan
    assets that Fiduciary Defendants wrongfully withheld from
    Plaintiffs and other participants but that was not used for proper
    Plan purposes.

Respectfully Submitted:

**/s/Gregory J. Miller**
Gregory J. Miller (#17059)
Miller, Hampton & Hilgendorf
3960 Government St.
Baton Rouge, LA 70806
Phone: (225) 343-2205
Fax: (225) 343-2870
GJM@MLHLAW.COM
*Attorney for Joe Sauls and Luis*
*Nieves-Rivera*